UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

FERNANDO PEREZ, ET AL.,                    23-cv-7378 (JGK)

                        Plaintiffs,        MEMORANDUM OPINION AND
                                           ORDER

        - against -

ISSACHAR IBRAHIM, ET AL.,

                        Defendants.

_____

JOHN G. KOELTL, District Judge:

    The plaintiffs, Fernando Perez and Sandra Garcia, move for
the second time to remand this case against the defendants,
Issachar Ibrahim and Motherland Logistics, LLC, to the New York
State Supreme Court, Bronx County. For the reasons explained
below, the plaintiffs' motion is **denied**.

                                I.

    This dispute arises from an automobile accident that
occurred on the Cross Bronx Expressway in the Bronx, New York,
on July 1, 2022. See Irwin Affirm. ¶ 3, ECF No. 34-1. Garcia was
a passenger in the car driven by Perez, her co-plaintiff and
husband. Id. Their 15-year-old child, F.A., was also in the car.
Id. The plaintiffs sued the driver of the other vehicle,
Ibrahim, and the company that owned Ibrahim's vehicle,
Motherland Logistics, LLC, in the Supreme Court, Bronx County.
See id.; Compl., ECF No. 34, Ex. 1. The defendants answered and

1

brought two counterclaims against Perez on May 19, 2023. See Answer, ECF No. 34, Ex. 2. The plaintiffs then filed an Amended Complaint on June 6, 2023. See Am. Compl., ECF No. 34, Ex. 3.

After filing an Amended Answer and Counterclaims to the plaintiffs' Amended Complaint, see Am. Answer, ECF No. 22, Ex. 4, the defendants removed this action to federal court based on the diversity of citizenship of the parties on August 22, 2023, see Petition for Removal, ECF No. 6. Meanwhile, Garcia commenced a separate action in the Supreme Court, Bronx County, on behalf of F.A. against the defendants and Perez. See Irwin Affirm. ¶ 12, ECF No. 34-1.

On December 15, 2023, Garcia moved (1) to remand this action to state court and (2) to allow "permissive joinder" of both the related Supreme Court, Bronx County, action and Perez as a named defendant under Federal Rule of Civil Procedure 20. See First Mot. to Remand, ECF No. 24. Perez joined the motion to remand. This first motion to remand was denied, as was the motion for "permissive joinder," because there was no basis for the Court to remand, because Rule 20 deals with the joinder of parties, not lawsuits, and because co-parties are properly sued by crossclaim, not joinder. See Mar. 28, 2024 Order, ECF No. 33.

On May 9, 2024, Garcia again moved to remand this action to the Supreme Court, Bronx County, this time on the ground that the defendants had failed to file a "copy of the removal notice

with the clerk of [the] state court." See Second Mot. to Remand, ECF No. 34. Perez joined his co-plaintiff's motion. See Perez Affirm., ECF No. 36. This second motion to remand is presently before the Court.

## II.

Within 30 days of the filing of the notice of removal in federal court, a plaintiff may file a motion to remand the case to state court. 28 U.S.C. § 1447(c). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Emps.' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).[1] An action may be removed to federal court if the parties are diverse, and the defendants are not citizens of the forum state. See 28 U.S.C. § 1441(b). In this case, the plaintiffs acknowledge that both defendants are citizens of Georgia. See Petition for Removal ¶¶ 6-7, ECF No. 6. Ibrahim, who is domiciled in Georgia, is the only member of Motherland Logistics, LLC. See id. The plaintiffs are citizens of New York. Id. ¶ 4.

28 U.S.C. § 1446 sets forth three procedural requirements for removal. First, the defendant seeking to remove any civil action "shall file in the district court . . . within which such action is pending a notice of removal." 28 U.S.C. § 1446(a).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Second, "[p]romptly after the filing of such notice of removal of a civil action the defendant . . . shall give written notice thereof to all adverse parties." Id. § 1446(d). Third, also "[p]romptly" after filing the notice of removal in federal court, the defendant "shall file a copy of the notice with the clerk of [the] State court." Id.

### III.

At issue in this case is whether the defendants complied with the third of these requirements. The defendants made what amount to clerical errors in filing a removal notice in the Supreme Court, Bronx County: They failed to provide an exact copy of the "Petition for Removal" that they filed in this Court with the requisite pleadings attached.[2] Instead, the defendants filed a new, different document in the state court, which advised that "this matter has been removed to the United States District Court of the Southern District of New York on August 22, 2023 and is now pending . . . before the Honorable Judge John G. Koeltl." Compare Defs' Opp. Mem., Ex. A, ECF No. 35 (notice of removal filed in state court), with Petition for Removal, ECF No. 6 (notice filed in this Court). Therefore, the plaintiffs argue, the defendants failed to comply with the

---

[2] "[A] copy of all process, pleadings, and orders served upon such defendant or defendants in such action [pending in a state court]" must be included with the notice of removal filed in the federal district court. 28 U.S.C. § 1446(a).

requirement set forth in section 1446(d) that they "file a copy of the notice with the clerk of [the] State court." 28 U.S.C. § 1446(d) (emphasis added).

The defendants, for their part, do not dispute these procedural errors. Rather, they argue that such errors do not amount to a failure to comply substantially with the state-court filing requirement set forth in section 1446(d) and thus do not warrant remand.

The plaintiffs correctly observe that the plain text of section 1446(d) requires the defendants to file with the clerk of the state court a "copy" of the notice of removal filed in federal court. Further underscoring this point, the same statute provides that the defendants "shall give written notice thereof to all adverse parties." 28 U.S.C. § 1446(d) (emphasis added). As courts in this Circuit have concluded, this "written notice" to adverse parties "need not be an actual copy of the notice of removal." Parkinson v. City of New York, No. 21-cv-4113, 2021 WL 5323294, at *3 (S.D.N.Y. Oct. 20, 2021); see also, e.g., Park v. McGowan, No. 11-cv-3454, 2011 WL 4963759, at *4 & n.3 (E.D.N.Y. Oct. 19, 2011) (explaining that, although the defendants "[i]deally" would have delivered to the plaintiff a copy of their notice of removal on the day they filed it in federal court, section 1446(d) "does not require that the removing party deliver an actual copy of the notice of removal to its

5

adversary"). By contrast, with respect to notice to the state court, section 1446(d) does, by its terms, require that the defendants file a "copy" of the notice of removal with the clerk of the state court—not merely the more general "written notice" due to adverse parties.

However, the Second Circuit Court of Appeals has counseled against taking an overly rigid, formalistic approach to this requirement. <u>United States ex rel. Echevarria v. Silberglitt</u> is instructive. <u>See</u> 441 F.2d 225, 227 (2d Cir. 1971). In that case, a petitioner filed a copy of the removal petition with the state-court <u>judge</u> rather than with the state-court <u>clerk</u>, thereby ostensibly failing to comply with section 1446(d)'s literal requirement that the removing party "file a copy of the notice with the <u>clerk</u> of [the] State court." <u>See</u> <u>id.</u> at 226 (emphasis added). The district court found that the petitioner had not properly effected removal. The Second Circuit Court of Appeals reversed, holding that the petitioner's "[f]iling with the [state] judge constituted a sufficient compliance with the statutory requirement" because such filing notified the state court of the case's removal. <u>Id.</u> at 227–28. The Court of Appeals explained that the purpose of the state-court filing requirement is to "inform the state judge that he can no longer proceed with the case until the federal court decides whether it will retain

jurisdiction or not. There can be no other purpose for this requirement." Id. at 227.

Relying on the reasoning employed in Echevarria, some district courts in this Circuit have concluded that constructive notice to the state court is sufficient to fulfill the state-court filing requirement of section 1446(d). See, e.g., Rech v. County of Monroe, No. 17-cv-6418, 2017 WL 4369367, at *2-3 (W.D.N.Y. Oct. 3, 2017) (finding that the state court "was plainly put on constructive notice" by a "Notice of Filing" such that "the essential purpose of 28 U.S.C. § 1446(d) was fulfilled," even where the defendants had mistakenly failed to attach a copy of the notice of removal filed in federal court to this Notice of Filing); cf. McCall v. Greyhound Lines, Inc., No. 98-cv-7586, 1998 WL 865626, at *2 (S.D.N.Y. Dec. 11, 1998) ("It is clear that constructive notice may be sufficient notice for the purposes of the statute."). In light of the statements by the Second Circuit Court of Appeals in Echevarria, it is appropriate to take a more flexible approach to the state-court filing requirement.

In this case, what the defendants filed in the Supreme Court, Bronx County, provided adequate notice to that court. That filing reads, "PLEASE TAKE NOTICE that this matter has been removed to the United States District Court for the Southern District of New York." Defs' Opp. Mem., Ex. A, ECF No. 35. It

further reads, "PLEASE TAKE FURTHER NOTICE that this matter is, in fact, now pending in federal Court before the Honorable Judge John G. Koeltl." Id. This language was sufficient to put the Supreme Court, Bronx County, on notice that this case had been removed.

Accordingly, the plaintiffs' asserted basis for remand—that the defendants failed to comply with the state-court filing requirement pursuant to section 1446(d)—lacks merit. The motion is therefore **denied.**

### IV.

The motion should also be denied for the independent reason that it is untimely.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Thus, when a plaintiff moves to remand on a nonjurisdictional ground after that 30-day period has elapsed, a "[district] court lack[s] authority under § 1447(c) to remand the action on that ground," and the plaintiff's objection is waived. Shapiro v. Logistec USA, Inc., 412 F.3d 307, 315 (2d Cir. 2005); see also Charles A. Wright & Arthur R. Miller, 14C Fed. Prac. & Proc. § 3739.2 (4th ed. June 2024 update) [hereinafter "Wright & Miller"] ("After the expiration of the 30-day period following the filing of the

removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived.").

In this case, the defendants filed a notice of removal in this Court pursuant to section 1446(a) on August 22, 2023. See Petition for Removal, ECF No. 6. The deadline for the plaintiffs to seek remand on nonjurisdictional grounds was September 22, 2023. The plaintiffs filed the present motion on May 9, 2024, almost eight months after the defendants filed their notice of removal in this Court—and well after the 30-day period prescribed by section 1447(c).

The plaintiffs assert that their motion is timely on the ground that its basis—the defendants' alleged failure to file a "copy" of the notice of removal in state court pursuant to section 1446(d)—implicates this Court's subject matter jurisdiction. The defendants respond that the requirements set forth in section 1446(d) are nonjurisdictional.

Many courts in this District have determined that the procedural requirements established by section 1446(d) are nonjurisdictional. These courts have concluded that a federal district court acquires jurisdiction over a removed action once a notice of removal is filed in that district court pursuant to section 1446(a). See Almonte v. Target Corp., 462 F. Supp. 3d 360, 365 (S.D.N.Y. 2020) ("In this Circuit, a federal court obtains jurisdiction when the notice of removal is filed with

9

the federal court."); <u>Calderon v. Pathmark Stores, Inc.</u>, 101 F.
Supp. 2d 246, 247-48 (S.D.N.Y. 2000) (observing that the
purported defect—the defendant's failure to notify the state
court promptly of removal in alleged violation of section
1446(d)—was "harmless and, not being jurisdictional, creates no
basis for remand"); <u>Linden v. Chase Manhattan Corp.</u>, 52 F. Supp.
2d 387, 388 (S.D.N.Y. 1999) ("[D]uring the short time between
the filing of the Notice of Removal in federal court and the
filing of a copy in the state court, both courts have concurrent
jurisdiction."); <u>McCall</u>, 1998 WL 865626, at *2 ("[F]ailure to
notice the State court is a procedural defect that need not
defeat federal jurisdiction."); <u>see also</u> Wright & Miller § 3735
("The filing of a copy of the notice of removal in the state
court is a procedural and ministerial act . . . .").[3] The
plaintiffs' contention that section 1446(d)'s state-court filing
requirement is jurisdictional is therefore unconvincing.

      In sum, the plaintiffs' motion to remand is based on an
alleged "defect other than lack of subject matter jurisdiction."
<u>See</u> 28 U.S.C. § 1447(c). The motion was made after "30 days

---

[3] <u>But see Hardman v. Bristol-Myers Squibb Co.</u>, No. 18-cv-11223, 2019 WL
1714600, at *3 (S.D.N.Y. Apr. 17, 2019) ("[U]ntil all three steps [outlined
in section 1446(a) and (d)] are completed, the action is not removed and the
federal court does not have jurisdiction."). <u>Hardman</u> is not persuasive.
"<u>Hardman</u> . . . is an outlier" that "relied on <u>Anthony v. Runyon</u>, 76 F.3d 210,
213 (8th Cir. 1996), an Eighth Circuit decision." <u>Almonte</u>, 462 F. Supp. 3d at
365 n.2.

after the filing of the notice of removal" in this Court,
rendering the motion untimely. See id.

CONCLUSION

The Court has considered all of the arguments raised by the
parties. To the extent not specifically addressed, the arguments
are either moot or without merit. For the foregoing reasons, the
plaintiffs' motion to remand this case to the Supreme Court,
Bronx County, is **denied**. The Clerk is respectfully directed to
close ECF Nos. 34 and 36.

**SO ORDERED.**

Dated:    New York, New York
          October 2, 2024

                                 _____
                                     John G. Koeltl
                                 United States District Judge