# GALLO VITUCCI KLAR LLP

WWW.GVLAW.COM

Nadine Ibrahim
Associate
90 Broad Street, 12th Floor
New York, New York 10004
nibrahim@gvlaw.com
732-575-8061

January 6, 2025

<u>Via ECF</u>

The Honorable Judge Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

**MEMO ENDORSED**

Re:   Letter Motion to Compel in the matter of <u>Perez, et al v. Ibrahim, et al.</u>
<u>Case No.: 1: 23-cv-07378-JGK</u>

Honorable Vargas,

This firm represents defendants in this matter. Defendants write to respectfully request an order compelling Westchester Radiology & Imaging P.C. ("Westchester Radiology") to produce the plaintiff's Perez's MRI films and an extension of the expert discovery deadline to allow Dr. Alleyne to review the plaintiff's MRI films and complete his report. Neither plaintiffs' counsel objects to this request.

Medical records received from Plaintiff Perez's Counsel indicated that the plaintiff underwent MRIs of his cervical spine, thoracic spine, lumbar spine, bilateral shoulders, and bilateral knees at Westchester Radiology.

Perez's counsel provided defendants with an authorization for Perez's records from Westchester Radiology in March 2024, which Defendants timely processed and received a response from Westchester Radiology consisting of MRI reports only.

Upon the completion of the plaintiffs' IME, Defendants requested that the MRI films from Westchester Radiology be sent to Defendant's IME doctor, Dr. Alleyne, for his review. However, Westchester Radiology refused to provide the films and claimed that the authorization provided did not allow defendants to obtain MRI films as "entire medical record" was not checked off on the authorizations.

Defendants requested a new authorization from Perez's counsel on November 4, 2024, which was provided on November 21, 2024. Defendants immediately requested the records via Imedview and also served a subpoena on Westchester Radiology for Perez's MRI films with the new authorization on December 5, 2024, which was returnable December 12, 2024. <u>See</u> Subpoena Dated December 5, 2024 annexed hereto as **Exhibit A**.

Defendants then received an invoice from Westchester Radiology on December 9, 2024 for the production of the MRI films in the amount of $1,672.82, which was paid immediately. Defendants have continued to follow up with Westchester Radiology daily since the invoice was paid, including by leaving voice messages, faxes and emails for the facility advising the urgency of the records and even offering to provide pre-paid overnight shipping labels, but defendants have received no response from the facility.

To date, Defendants have not received the requested MRI films from Westchester Radiology and have received no explanation for the delay. As such, Dr. Alleyne has been unable to complete his IME report.

Defendants have attempted to confer in good faith with Westchester Radiology to obtain the plaintiff's MRI films, but our efforts have been unsuccessful. At this point, defendants have no other option but to file a motion to compel.

Therefore, Defendants request an order compelling Westchester Radiology to produce plaintiff Perez's MRI films as well as an extension of the expert discovery deadline and remaining deadlines, including the summary judgment deadline as Defendants will not be able to assess whether we have grounds to move for summary judgment on the issue of damages until we receive the completed IME report from Dr. Alleyne.

Defendants thank you for your time and consideration to this matter.

Respectfully submitted,

*Nadine Ibrahim*

Nadine Ibrahim

---

The Defendants' motion to compel Westchester Radiology to produce Plaintiff Perez's MRI films is **DENIED**.  The subpoena attached to Defendants' motion to compel does not specify the items to be produced.  (*See* ECF No. 49-1).  Accordingly, this Court cannot grant the Defendants' request.  However, it is **ORDERED** that all expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions, shall be completed by **Monday, February 10, 2025**.  Dispositive motions shall be filed no later than **Wednesday, March 12, 2025**.  The joint pre-trial order will be due 30 days after the Court's decision on any dispositive motion.  The Clerk of the Court is **DIRECTED** to terminate ECF No. 49.

Date: 01/06/2025

**SO ORDERED.**

*Jeannette Vargas*

HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

FERNANDO PEREZ and SANDRA GARCIA )
*Plaintiff* )
v. ) Civil Action No. 1:23-CV-07378
ISSACHAR IBRAHIM and MOTHERLAND )
LOGISTICS, LLC )
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Westchester Radiology & Imaging, P.C.
933 Saw Mill River Road, Ardsley, NY 10502

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Gallo Vitucci Klar<br>90 Broad Street, Suite 1202<br>New York, New York 10004 | Date and Time:<br>12/12/2024 3:33 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/05/2024

CLERK OF COURT                                OR       *Nadine Ibrahim*
_____                          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ISSACHAR IBRAHIM and MOTHERLAND LOGISTICS, LLC       , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-CV-07378

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: